IRWIN SWED, IRVING ASHKENAZIE
SAM ROMANO, ALBERT BEYDE AND
JAIME DEBBAH
*vs.*
INHABITANTS OF TOWN OF BAR HARBOR

Hancock.  Opinion, June 29, 1962.

*Harvard W. Blaisdell,*
*Herbert T. Silsby,* for plaintiffs.

*Ralph C. Masterman,*
*Thomas Tavenner,*
*Wayne B. Hollingsworth,* for defendants.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

SULLIVAN, J. This case comes upon report. R. S., c. 103, § 15, as amended; Rule 72, M. R. C. P., 155 Me. 573.

Plaintiffs, shopkeepers at Bar Harbor, Maine, instituted their complaint for a declaratory judgment against that Town. R. S., c. 107, §§ 38 through 50; Rule 57, M. R. C. P., 155 Me. 560.

The Legislature had enacted P. & S., 1961, Chapter 176 authorizing the municipal officers of the Town of Bar Harbor to grant licenses for regulating, *inter alia*, the business of *bric-a-brac, linen stores*. Purportedly invoking such authority the municipal officers had thereupon promulgated an ordinance regulating in the Town the operation and maintenance of *bric-a-brac, linen stores* and certain listed, personal services of no moment in the instant case.

By stipulation the issues here presented are the constitutionality or validity of P. & S., 1961, Chapter 176, § 3 as that law applies to *bric-a-brac, linen stores* and the constitutionality or validity of the derivative Town ordinance as the latter applies to the business conducted by these plaintiffs.

The Towns of Old Orchard Beach and Bar Harbor are summer resorts of surpassing natural endowment and annually attract vacationers in numbers aggregating 7 digits. Many tradesmen and most patrons are transients. These facts afford facile occasion for accruing social and police problems. The Legislature very understandably concluded that no adequate provision existed in those Towns for the granting of licenses for the regulation and control of certain businesses and purposes whereas such authority was necessary to the preservation of the public peace, health, safety and welfare. In the legislative judgment such a shortcoming created an emergency and P. & S., 1961, Chapter 176

was enacted as immediately effective and necessary for the public peace, health and safety. The statute commissioned the municipal officers of Bar Harbor to grant licenses in accordance with such rules and regulations as they might establish by ordinance consistent with law and for the surveillance of some 56 business categories. A maximum annual license fee of $75 was sanctioned for each and any such business pursued and a limit of $100 as a fine for violation of any ordinance. The municipal officers were accorded suspension and revocation faculties for cause.

Amongst the 56 varieties of business permissively to be monitored the legislative act listed *Bric-a-brac, linen stores.*

The municipal officers of Bar Harbor by their ordinance endeavored to police the operation or maintenance of *bric-a-brac, linen stores.* A license at an annual fee of $50 is exacted. Such license may not be issued to one who refuses to be finger-printed, to file a bond in the amount of $1,000, to insure payment of taxes and fines or to carry liability insurance, who has not paid all real and personal property taxes due the Town, who purposes to carry on business in a building not approved as safe by the building inspector, plumbing inspector or who refuses to state his place of business for the 3 years last past. A license may be suspended or revoked for cause after notice and hearing. Grounds recited for revocation are misstatement of a material fact in a license application, undesirable practice such as misrepresentation of goods, misleading advertising, improper conduct toward patrons and violation of any local, state or federal law when such violation is deemed by the municipal officers to deserve disciplinary action. A fine of $100 for each day of operation without license is specified.

The municipal officers notified the plaintiffs who were operators of retail stores in Bar Harbor to conform to the ordinance or suffer its penalties. Plaintiffs responded by

filing their complaint in the Superior Court praying a declaratory judgment upon those constitutional issues stipulated and stated earlier in this opinion.

Testimony was presented by the parties and to the extent that such evidence is legally admissible is before this court for estimation. All plaintiffs stated that they were shopkeepers and sold miscellaneous merchandise including linen goods in varying percentages of total sales. It is impossible to judge whether the plaintiffs dealt in *bric-a-brac* because of their terminology and nomenclature in classifying their inventories. The Town's building inspector approved the buildings in which 2 plaintiffs conducted business but for expressed reasons refused to approve the 3 buildings in which the other plaintiffs respectively operated. So much for the testimony which is unobjectionable and pertinent.

Plaintiffs contend in part that neither the legislative enabling act nor the ordinance supplies any definition of a *bric-a-brac, linen store* and because of such vagueness and indefiniteness each law violates the due process requirements of the United States Constitution, Amendment XIV, Section 1 and of the Maine Constitution, Article I, Section 1.

The Legislature is endowed with plenary police powers. Constitution of Maine, Article IV, Part Third, Section 1.

> " - - - The burden is upon him who claims that the act is unconstitutional to show its unconstitutionality - - -"
>
> *Baxter* v. *Sewerage District* (1951), 146 Me. 211, 214.

> "As a general rule, there is a presumption in favor of the reasonableness of a municipal by-law, and the burden is on the objecting party to overcome this presumption. If it does not appear on its face, the objecting party must produce evidence to show that it is in fact unreasonable in its operation - - - -"
>
> *State* v. *Small,* 126 Me. 235, 237.

The statute and the ordinance implemental thereunder apply controls to *bric-a-brac, linen stores* and plaintiffs protest that such a classification is nondescript, indeterminate and constitutes a violation of due process.

The characterization, *bric-a-brac, linen stores,* is composite. *Bric-a-brac* and *linen* are obviously nominal adjectives modifying *stores.* The statute and ordinance manifestly contemplate stores in which both *bric-a-brac* and *linen* are sold and purchased although those stores may also vend other types of merchandise. The term, *linen,* is unequivocal. Plaintiffs charge that the appellation, *bric-a-brac,* is undefined, indefinite and unknowable.

*Bric-a-brac* must be conceded to be a word in good usage for it appears in accredited dictionaries.

> "bric-a-brac - - Curious or antique articles of virtu; odd knick knacks"
> Webster's Collegiate Dictionary, 5th ed., 1946.

> "bric-a-brac - - Small, rare, or artistic objects of miscellaneous pattern and assortment, used for decorating and as shelf ornaments."
> Webster's New Twentieth Century Dictionary, unabridged second edition, 1960.

> "bric-a-brac - - a miscellaneous collection of often antique articles of virtu: miscellaneous objects regarded as decorative or of a sentimental value and usu. collected in one place: curios (small china figurines, seashells, ornamental ashtrays, and other such *bric-a-brac* around the parlor) - - -"
> Webster's Third International Dictionary (Merriam-Webster), 1961.

> "bric-a-brac - - Curious or antique articles of virtu; miscellaneous objects of an artistic kind, as antiques or metalwork; odd knickknacks."
> Webster's New International Dictionary, 2nd ed., 1961.

We are forced to conclude that to capture comprehensively all concepts of the illusory term, *bric-a-brac*, is morally impossible. While we could never correctly assert that all things are bric-a-brac, a multitude surely must or could be and as to further multitudes there can be no confident judgment. Some contained elements in the authoritative definitions are sufficiently definite but, as to most of the synthetic and conglomerate topic, where inclusion and exclusion objectively meet must all too often defy responsible detection. *Bric-a-brac* although named is incalculably anomalous and is not satisfactorily amenable to classification or explanation. *Bric-a-brac* as a category is too conducive to arbitrary abuse and unlimited cannot be utilized as a norm in a penal law. A person of ordinary intelligence would be habitually nonplused as to whether a store inventory included or was innocent of *bric-a-brac*.

In 62 Harvard Law Review, 76, 77 (1948), concerning due process requirements of definiteness in statutes, it is said:

"- - - The starting point for such an inquiry should be an examination of the two major statutory functions which may be fundamentally affected by definiteness. *One of these functions is to guide the adjudication of rights and duties; the other is to guide the individual in planning his own future conduct.*" (Emphasis added.)

In *Connally* v. *General Const. Co.* (1926), 269 U. S. 385, 391, the United States Supreme Court held:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that

men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.

- - - - - - - - - - - - - - - - - - - - - - -

" - - - But it will be enough for present purposes to say generally that the decisions of the court upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them, - - - or as broadly stated by Mr. Chief Justice White in *United States v. Cohen Grocery Co.*, 255 U. S. 81, 92, 'that, for reasons found to result either from the text of the statutes involved or the subjects with which they dealt, a standard of some sort was afforded.' "

The highest court ruled in *United States* v. *Harris* (1954), 347 U. S. 612, 617, as follows:

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.

"On the other hand, if the general class of offenses to which the statute is directed is plainly within its terms, the statutes will not be struck down as vague, even though marginal cases could be put where doubts might arise - - - And if this general class of offenses can be made constitutionally definite by a reasonable construction of the statute this Court is under a duty to give the statute that construction - - -"

*Bric-a-brac* is not in our estimation a general class productive of only marginal cases where doubts might arise but is essentially prolific of omnipresent cases with doubts, all in the pale of the very definition. We despair of render-

ing the puzzlement constitutionally definite by any reasonable construction when we are mindful of the connotations of *"curious articles; virtu; odd knickknacks; small, rare, or artistic objects of miscellaneous pattern and assortment, used for decorating and shelf ornaments,"* etc. We become bewildered as we recall and attempt to characterize much of the stock in trade of the contemporary 25c - $1.00 stores, drug stores, department stores, gift shops, supermarkets, etc.

The perplexity of the instant case will be seen as plainly distinguishable from the predicament accorded such a tolerant construction in *McGowan* v. *Maryland* (1961), 366 U. S. 420, 428, where the court commented:

> "Another question presented by appellants is whether Art. 27, § 509, which exempts the Sunday retail sale of 'merchandise essential to, or customarily sold at, or incidental to, the operation of' bathing beaches, amusement parks, et cetera in Anne Arundel County, is unnecessarily vague. We believe that business people of ordinary intelligence in the position of appellants' employer would be able to know what exceptions are encompassed by the statute either as a matter of ordinary commercial knowledge or by simply making a reasonable investigation at a nearby bathing beach or amusement park within the county. - - - Under these circumstances, there is no necessity to guess at the statute's meaning in order to determine what conduct it makes criminal. - - -"

That category listed in P. & S., 1961, Chapter 176, Section 3 and also in Sections 1 (a) and 3 of the Business License Ordinance of the Town of Bar Harbor as *"Bric-a-brac, linen store(s)"* is vague, violative of due process of law and therefore unconstitutional. Such invalid provision in both statute and ordinance is separable. *State* v. *Webber*, 125 Me. 319, 323; P. & S., 1961, Chapter 176, Section 5.

Our conclusion is decisive of the instant case and we express no opinion as to the other issues.

The mandate will be:

> *Case remanded to the Superior Court for entry of judgment in accordance with this opinion.*