**Robert LaBONTA, et al.**

**v.**

**CITY OF WATERVILLE.**

Supreme Judicial Court of Maine.

Argued April 27, 1987.

Decided July 28, 1987.

John P. Jabar (orally), Daviau, Jabar & Batten, Waterville, for plaintiffs.

Albert V. Federle, Jr. (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Robert LaBonta and other plaintiffs, residents of a Waterville neighborhood, filed a complaint labeled "80B" requesting the Superior Court (Kennebec County) to set aside as inconsistent with the Waterville Comprehensive Plan an amendment to the Waterville zoning ordinance that changed the zoning of a parcel of land adjacent to their neighborhood from residential to commercial. After receiving briefs and oral argument on the merits, the Superior Court ruled that plaintiffs were not entitled to the requested relief. Plaintiffs appeal from that judgment, as well as from an earlier order that they pay the City $774 to reimburse it for the cost of preparing transcripts of the meetings at which the city council considered and adopted the amendment. We find no reversible error in the challenged decisions of the Superior Court.

*Facts*

Shaw's Realty Company (Shaw's) sought to locate a 170,000 square foot shopping center on a parcel of land adjacent to Kennedy Memorial Drive in Waterville. A strip of land 800 feet in depth along the Drive was zoned for commercial use,[1] but the back portion of the parcel that Shaw's proposed to use for the shopping center was zoned for residential use only.[2] Shaw's petitioned the city council to change 8.1 acres of the residentially zoned area to commercial. After considering Shaw's proposal at three meetings open to public participation, the council on May 6, 1986, voted 6-to-1 to amend the ordinance in accordance with Shaw's petition.

I. *The Procedural Issue*

■ Early in the Superior Court proceedings the City filed a motion to dismiss the action, contending that the procedural rule under which plaintiffs by the caption of their complaint purported to bring the action, M.R.Civ.P. 80B, does not provide a basis for review of the city council's enactment of the zoning amendment. The Superior Court denied the City's motion to dismiss. The City makes the same motion to dismiss in this court.

The procedural mechanism of Rule 80B is available only when review by the Superior Court of governmental actions "is provided by statute or is otherwise available by law." M.R.Civ.P. 80B(a). For the purposes of this case we need not decide the outer perimeter of the meaning of the phrase "otherwise available by law," because in any event the complaint adequately pleaded a claim for declaratory relief over which the Superior Court had subject matter jurisdiction.[3] There is no reason for us not to reach the merits of this appeal. Plaintiffs' complaint plainly sought a Superior Court decision that the zoning ordinance amendment was invalid because not in conformity with Waterville's comprehensive plan, and that clearly defined issue was fully and fairly tried in the Superior

1. That front portion of the Shaw's parcel was zoned "Commercial (C–D)," described by the zoning ordinance as follows:

    (a) *Description and purpose.* The C-D District is established as a commercial zoning district where establishments require exposure to a major highway and large areas of land on which to conduct their operations. Waterville Zoning Ordinance § V(C)(4), at 941. "C–D" designates the commercial district permitting the highest intensity of use, including automotive sales, service, and repair; laboratories for research and testing; service establishments; trade establishments; shopping centers; and trucking, wholesaling, and warehousing.

2. That back portion of the Shaw's parcel was zoned "Residential (R–A)." The zoning ordinance provides with regard to the R–A District:

    (a) *Purpose.* The R–A District is established as a zoning district in which the principal use of the land is for low density residence which will encourage the development of attractive neighborhood living. Any future development which would interfere with such low density residential use or which would not perform a neighborhood function is hereby prohibited.
Waterville Zoning Ordinance § V(A)(1), at 928.-12–13. "R–A" designates the residential district permitting the lowest intensity of use.

3. *Cf., e.g., Tisei v. Town of Ogunquit,* 491 A.2d 564 (Me.1985) (action to determine validity of temporary moratorium on development); *Swed v. Town of Bar Harbor,* 158 Me. 220, 182 A.2d 664 (1962) (declaratory judgment action to determine validity of municipal ordinance).

Court.[4] If this court were now to grant the City's motion to dismiss, Rule 80B would require us to remand the case to the Superior Court to allow plaintiffs to amend their complaint.[5] After plaintiffs on remand relabeled their complaint as one commencing a declaratory judgment action, the Superior Court would be compelled to engage in the duplicative task of considering exactly the same arguments and exactly the same evidence and deciding exactly the same issue as it has already considered and decided in entering the judgment here on appeal. Dismissal would serve no purpose whatever, would unjustifiably elevate form over substance, and would waste judicial resources as well as the resources of the parties. Dismissal would violate the basic purpose of the Maine Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action." M.R.Civ.P. 1.

## II. *The Merits*

### A. *Validity of Zoning Amendment*

■ Plaintiffs contend that the Waterville zoning change to accommodate the Shaw's development is invalid because it fails to meet the requirements of the controlling statute, 30 M.R.S.A. § 4962(1)(A) (1978), that a city's zoning ordinance be "pursuant to and consistent with a comprehensive plan adopted by its legislative body." Specifically, plaintiffs urge that the zoning amendment here at issue is invalid because it is not consistent with the Waterville comprehensive plan's stated goal of protecting residential neighborhoods. By the ultimate thrust of plaintiffs' argument, they would have us construe the Waterville comprehensive plan to prohibit the city council from changing any boundary between a residential and a commercial zone. We reject that argument, as did the Superior Court, for it is based upon too narrow and inflexible a reading of the comprehensive plan.

The comprehensive plan that section 4962(1)(A) requires every municipality to have as a prerequisite to zoning is by definition "a compilation of policy statements, goals, [and] standards" with respect to issues relevant to land use regulation. 30 M.R.S.A. § 4961(1)(A) (Supp.1986); *see Baker v. Town of Woolwich*, 517 A.2d 64, 68 (Me.1987). The Waterville comprehensive plan sets forth a number of goals relevant to the rezoning requested by Shaw's, of which the protection of residential neighborhoods is but one. Particularly pertinent is the plan's emphasis on the need to expand economic opportunity in Waterville and to provide adequate space for commercial development. Even more specifically, the plan sets as a zoning goal for the City the commercial development along three arteries including Kennedy Memorial Drive,[6] by stating the following:

> Commercial growth should continue to follow its present pattern of development with relation to three major traffic arteries of the City.

> Firstly, College Avenue has been, for years, the traditional node for newer commercial development. The present state of development and large volumes of traffic on that street preclude other types of use. Main Street, south of Route 95, and Kennedy Memorial Drive

---

**4.** At oral argument before us, counsel for the City stated that the decision made by the Superior Court was that there was no invalidity in the zoning change; and that he would have done nothing more had the action been originally labeled as one seeking declaratory relief. Likewise, at oral argument counsel for the residents stated that the issue of the validity of the zoning ordinance "was heard before [the Superior Court justice]; all the evidence with all the exhibits ... [was] presented to him and he made his decision based on the evidence"; that there was no doubt in counsel's mind that the nub of the question before the justice was the validity of the zoning change; and that the residents would have presented nothing more had

the residents in specific terms sought declaratory relief because "there was nothing more to present."

**5.** M.R. Civ. P. 80B(a) provides in pertinent part: "Leave to amend pleadings shall be freely given when necessary to permit a proceeding erroneously commenced under this rule to be carried on as an ordinary civil action."

**6.** The Waterville comprehensive plan identified certain specific residential areas to be protected, but the residential area in the vicinity of the proposed Shaw's development on Kennedy Memorial Drive was not one of them.

also have very large traffic volumes. While these streets do not have a long history of commercial development, their present state of rapidly progressing development has established them as major areas of commercial land use outside of the downtown area.

*By allowing for commercial development to occur in a coherent pattern in these areas of the City, other areas may be completely exempted from the pressures of this type of land use....*

Waterville Comprehensive Plan, "Land Use" at 6 (emphasis added).

From the transcript of the hearings conducted by the city council, it is clear that the council recognized and acted upon its responsibility to amend the zoning ordinance only in a way consistent with the comprehensive plan and the multiple goals stated therein. Faced with the multiple goals of protecting residential neighborhoods and promoting economic opportunity and commercial development along Kennedy Memorial Drive, the city council was not required to refrain from permitting any intrusion whatever upon an area previously zoned residential. Rather it had the job of accommodating these multiple goals in a way to advance the overall best interests of the City and its people as defined by the comprehensive plan read as a whole.

■ The test for the court's review of the city council's rezoning action is whether *"from the evidence before it* the city council could have determined that the rezoning was in basic harmony with the [comprehensive] plan...." *Haines v. City of Phoenix,* 151 Ariz. 286, 727 P.2d 339, 344 (App. 1986) (emphasis added); *see also Green v. County Council of Sussex County,* 508 A.2d 882, 890–91 (Del.Ch.1986). In making that review of the record before the city council, the court "will not substitute [its] judgment for that of the duly elected legislative body, the city council." *Haines v. City of Phoenix,* 727 P.2d at 343. The parties challenging the council's action have the burden of showing inconsistency between the rezoning and the comprehensive plan. *Id.*

■ On the basis of the evidence before it, the city council was justified in concluding that the zoning change was in basic harmony with the comprehensive plan because the change struck a reasonable balance among the City's various zoning goals. On the one hand, the goal of promoting commercial development along Kennedy Memorial Drive (with the creation of additional job opportunities and the attraction of consumer dollars to Waterville) could not be fully achieved by the proposed shopping center within the 800–foot strip previously zoned commercial. The development of "one-stop shopping" means that a retail shopping area to be competitive must be large enough to offer customers a substantial variety of stores; and significant traffic flow advantages accrue to a deeper shopping center layout as compared to strip development. Also, recently imposed environmental regulations require the construction of a storm water retention basin, which in turn requires an additional area for a commercial establishment. On the other hand, the area that the city council rezoned commercial had been zoned residential for 58 years and still at the time of the rezoning no house had been built within it. The residents challenging the Waterville rezoning fail to persuade us that the city council's conclusion was not adequately supported by the evidence before it.

**B.** *Cost of Transcripts Requested by Plaintiffs*

■ The Superior Court's order that plaintiffs pay for the cost of preparing transcripts of the city council hearings came well within the scope of the trial court's discretion in allocating the costs of discovery. *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2038, at 277–78 (1970). Plaintiffs had moved to compel the City to prepare those transcripts for plaintiffs' use in the Superior Court proceedings. During the period of delay before the court heard plaintiffs' motion, the City went ahead and caused the transcripts to be made. At the motion hearing the City produced the requested transcripts and the court denied plaintiffs' motion to compel, ordering them to reim-

burse the City for the transcript cost. An appellate court will not involve itself in the management of pretrial discovery, except in the clearest instance of abuse of discretion by the trial court. *See Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969). None occurred here.

Judgments affirmed.

All concurring.