CURRIER BUILDERS, Cape Neddick Estates, Inc., and Home Builders Association, Inc. d.b.a. Home Builders and Remodelers Association of Maine, Plaintiffs,

v.

TOWN OF YORK, MAINE, Defendant.

No. Civ. 01–68–P–C.

United States District Court, D. Maine.

June 5, 2001.

Jonathan S. Piper, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Currier Builders Inc., Neddick Estates, Inc., Home Builders Ass'n, plaintiffs.

Mark V Franco, Thompson & Bowie, Portland, ME, for Town of York, defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

GENE CARTER, District Judge.

Plaintiffs Currier Builders, Cape Neddick Estates, Inc., and Home Builders Association, Inc. d.b.a. Home Builders and Remodelers Association of Maine originally filed this action in Maine Superior Court to challenge the validity of a growth ordinance adopted by Defendant, the Town of York, on five separate grounds: it violates Maine's Home Rule statute, 30–A M.R.S.A. § 4351 *et seq.*, (Count I); it denies due process to Plaintiffs, in violation of the Maine and United States Constitutions (Count II); it denies equal protection of the laws, in violation of the Maine and United States Constitutions (Count III); it results in an unconstitutional taking, in violation of the Maine and United States Constitutions (Count IV); and it constitutes a *de facto* moratorium on development, in violation of Maine statutes and common law (Count V). *See* Complaint (Docket No. 1A). Plaintiffs seek damages, declaratory and injunctive relief, and attorneys' fees. *See id.* Defendant removed the suit to this Court on the basis of

federal question jurisdiction. The Court now has before it Plaintiffs Motion to Remand (Docket No. 8) which argues that the Court should abstain from exercising jurisdiction over all of the claims in the case. After considering the arguments of the parties, the Court will deny Plaintiffs' Motion to Remand.

It has long been recognized that, although federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," nonetheless, certain circumstances warrant abstention. *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). In *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the Supreme Court held that federal court abstention is required when state law is uncertain and the state court's clarification of the state law might make a federal court's constitutional ruling unnecessary. The Court has repeatedly stated that abstention is confined to situations where these "special circumstances" are present. *Kusper v. Pontikes*, 414 U.S. 51, 54, 94 S.Ct. 303, 306, 38 L.Ed.2d 260 (1973) (citations omitted); *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 1324, 12 L.Ed.2d 377 (1964) (citations omitted). The Supreme Court offered three principle rationales for its holding in *Pullman*. First, the Court stated that abstention avoided friction between federal and state courts. *Pullman Co.*, 312 U.S. at 500, 61 S.Ct. 643. A second justification offered by the *Pullman* court is that abstention reduces the likelihood of erroneous interpretations of state law. *Id.* Finally, the Supreme Court defended its holding as a way of avoiding unnecessary constitutional rulings. *Id.* at 501, 61 S.Ct. 643.

■ Plaintiffs contend that the Court should abstain from hearing this matter under the doctrine enunciated in *Pullman*.

Specifically, Plaintiffs assert that the ordinance violates Maine law in two ways, both of which present unsettled questions under Maine law. The ordinance, Plaintiffs contend, is inconsistent with the Town's Comprehensive Plan, in violation of Maine's "Home Rule" statute, 30–A M.R.S.A. § 3001, 4351, 4352(2), and constitutes a *de facto* moratorium on the issuance of building permits. Defendant responds that these are both areas of settled Maine law.

Maine's Home Rule statute provides that "[a] zoning ordinance must be pursuant to and consistent with a comprehensive plan adopted by the municipal legislative body." 30–A M.R.S.A. § 4352(2). The Law Court has established that the standard for determining whether § 4352(2) has been violated is "whether the legislative body of the Town could have determined that the amendments are in basic harmony with the comprehensive plan." *Adelman v. Town of Baldwin*, 2000 ME 91 ¶ 22, 750 A.2d 577, 585 (2000) (citing *Vella v. Town of Camden*, 677 A.2d 1051, 1053 (Me.1996)) (citing *LaBonta v. City of Waterville*, 528 A.2d 1262, 1265 (Me.1987)). Plaintiffs' claim under the Maine Home Rule statute requires the application of this legal standard to the facts, but not to the interpretation of unsettled Maine law. Therefore, Plaintiffs' challenge to the ordinance under the Home Rule statute does not provide a basis for this Court to abstain.

■ With respect to Plaintiffs' contention that the ordinance operates as a *de facto* moratorium on the issuance of building permits in the Town of York, the Law Court has here again set forth the legal standard, leaving the application of that standard to this Court and others. In *Home Builders Ass'n of Maine, Inc. v. Town of Eliot*, 2000 ME 82, 750 A.2d 566 (2000), the Law Court considered whether a zoning ordinance effected a *de facto* mor-

**74**

atorium on building under Maine law. In *Home Builders* the Law Court held that a growth ordinance was not a *de facto* moratorium within the meaning of § 4356. Pursuant to 30–A M.R.S.A. § 4301(11), a moratorium is defined as "a land use ordinance ... which temporarily defers any authorization or approval necessary for development." In *Home Builders,* the Court interpreted that phrase to mean, "an ordinance that explicitly or effectively withholds *all* authorizations or approvals necessary for development, and not, as Home [B]uilders contends, to mean an ordinance that withholds *any single* authorization or approval." *Id.* ¶ 12, at 571 (emphasis in original). Plaintiff points out that the court also stated that "[w]hile an unreasonable limit on development could, in certain circumstances, constitute a *de facto* moratorium, that is not the case here," *id.* ¶ 17, at 572, and argues that what would be an unreasonable limit on development is an unsettled question of Maine law. The Court disagrees. The determination of what would be an "unreasonable limit" on development is simply the application of a legal standard to the facts of this case. Therefore, Plaintiffs' challenge that the ordinance operates as a *de facto* moratorium on development does not provide a basis for this Court to abstain.

Accordingly, the Court **ORDERS** that Plaintiffs' Motion to Remand be, and it is hereby, **DENIED.**