STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss.                                                   CIVIL ACTION
                                                                 Docket Nos. AP-07-30 and
                                                                 AP-07-37

DAVID O'GRADY, et al.,

        Plaintiffs,

v.                                                    ORDER

TOWN OF FRYE ISLAND,

        Defendant,

and

DEREK YATES, et al.,

        Plaintiffs,

v.

TOWN OF FRYE ISLAND,

        Defendant.

These actions have taken a somewhat circuitous route but the court concludes that at bottom they present a challenge to a legislative decision by the Town of Frye Island to raise building permit and water hookup fees to cover the Town's cost of code enforcement services and to defray costs associated with planned and future expansion of the Town's water system.

Plaintiffs basically allege that, although the Town acknowledges that it was not authorized to impose impact fees pursuant to 30-A M.R.S. § 4354, the Town has in fact attempted to surreptitiously impose an unauthorized impact fee by increasing the fees previously charged for building permits and water hookups by 300% to 1600%.[1]

_____

[1] Subsequently, the Town has reduced certain of the fees in question.

Plaintiffs further allege that the building permit fees violate 30-A M.R.S. § 4355, which requires *inter alia* that land use permit fees may not exceed the reasonable cost of processing, review, regulation, and supervision of the application.

To allow plaintiffs to request refunds in light of the change in the Town's fee structure, the court withheld decision on the pending appeal. The Town apparently declined to issue refunds, and the court now concludes that to the extent that plaintiffs are seeking review under Rule 80B, Rule 80B is not an appropriate avenue for review of the Town's legislative decision to raise the fees in question. *See F.S. Plummer Co. Inc. v. Town of Cape Elizabeth*, 612 A.2d 856, 859 (Me. 1992). However, judicial review of a municipality's legislative acts may be obtained by an action seeking a declaratory judgment. *Id.; LaBonta v. City of Waterville*, 528 A.2d 1262, 1263 (Me. 1987).

In this case a review of plaintiffs' *pro se* complaints demonstrates that although they are characterized as appeals, they are in fact seeking determinations of the legality of the fees imposed by the Town. The court construes these complaints as seeking relief in the nature of a declaratory judgment.[2] Accordingly, the court will place these cases on the non-jury civil trial list to determine whether plaintiffs are entitled to a declaratory judgment that the building permit and water hookup fees they were charged were unauthorized or illegal under state law.[3]

Because plaintiffs are representing themselves without legal counsel, they may face formidable obstacles in proving their cases and they would be well advised to obtain legal assistance. However, the court cannot assume that they will be unable to prove their case.

---

[2] Even if they were not so construed, the court would be obligated to allow plaintiffs to amend their complaints to seek a declaratory judgment. *See* M.R.Civ.P. 80B(a); *LaBonta*, 528 A.2d at 1263.

[3] If plaintiffs succeed in obtaining a declaratory judgment that the fees are illegal, Rule 80B would provide them with a remedy to overturn the Town's denial of any refund.

The entry shall be:

Under Rule 80B, Plaintiffs are not entitled to review of the Town's legislative decision to increase building and water hookup fees, but their claim for a declaratory judgment challenging the legality of those fees shall be set for trial. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     October ___/___, 2008

Thomas D. Warren
Justice, Superior Court

3

OF COURTS
berland County
O. Box 287
Maine 04112-0287

MARSHALL TINKLE ESQ
PO BOX 15060
PORTLAND ME 04112

*Defendant*

OF COURTS
erland County
O. Box 287
Maine 04112-0287

DEREK AND CATHERINE YATES
48 LONGMEADOW FARM DRIVE
EPPING NH 03042

K OF COURTS
berland County
O. Box 287
Maine 04112-0287

DAVID O'GRADY
52 KRISTE LANE
JERICHO VT 05465