MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2023 ME 33
Docket:          Kno-22-96
Argued:          December 6, 2022
Decided:         May 30, 2023

Panel:           STANFILL, C.J., and MEAD, JABAR, and CONNORS, JJ., and HUMPHREY, A.R.J.

HURRICANE ISLAND FOUNDATION

v.

TOWN OF VINALHAVEN

STANFILL, C.J.

[¶1]  The Town of Vinalhaven appeals from a judgment of the Superior Court (Knox County, *Mallonee, J.*) that reversed and modified the Town's tax assessor's decision denying Hurricane Island Foundation a local property tax exemption under 36 M.R.S. § 652(1)(B) (2023).  The Town contends the court lacked jurisdiction because the Foundation failed to either seek a tax abatement or file a declaratory judgment action to challenge the Town's denial.  We hold the court had jurisdiction, but we vacate the court's judgment because we conclude that the Town's tax assessor correctly denied the tax exemption.

## I.  BACKGROUND

[¶2]  The following facts are drawn from the Superior Court's decision and are supported by the record.  *See Hebron Acad., Inc. v. Town of Hebron,* 2013

ME 15, ¶ 2, 60 A.3d 774; *see also Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2006 ME 44, ¶ 9, 896 A.2d 287; *Credit Counseling Ctrs., Inc. v. City of S. Portland*, 2003 ME 2, ¶ 2, 814 A.2d 458. The Foundation is a nonprofit corporation that occupies about two-thirds of Hurricane Island under a forty-year lease that began in January 2010. In March 2019, the Foundation applied to the Town for a local property tax exemption as a "literary and scientific" institution under 36 M.R.S. § 652(1)(B).

[¶3] On June 17, 2019, the Town's tax assessor denied the Foundation's application, concluding that the Foundation failed to meet the standard for a "literary and scientific" institution under section 652(1)(B). The Foundation then sought review of the assessor's decision in the Superior Court under Maine Rule of Civil Procedure 80B. The Foundation alleged that the assessor applied the incorrect legal standard for "literary and scientific" institution. The Town moved to dismiss the Foundation's complaint for lack of jurisdiction, arguing there is no right to appeal directly from the assessor's decision. The Town further asserted in its answer that the Foundation failed to meet the criteria under section 652(1)(B) to qualify for the tax exemption.

[¶4] On April 22, 2020, the court decided it had jurisdiction under the common law writ of certiorari as preserved by Rule 80B. *See* M.R. Civ. P. 80B

Advisory Committee's Notes To February 15, 1983 Order Amending Rule 80B; 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1 at 308-09 (2d ed. 1970). The court agreed with the assessor that the Foundation is not a "literary" institution but disagreed with the standard that the assessor applied to determine if it was a "scientific" institution. After discussing the applicable standards, the court remanded the matter to the assessor to reconsider whether the Foundation is a scientific institution.

[¶5] On September 15, 2020, the assessor again denied the tax exemption to the Foundation. The assessor concluded not only that the Foundation failed to meet the standard for a scientific institution but also that the Foundation failed to show that it owns the property taxed or uses the property solely for its own purposes. The Foundation timely filed a second Rule 80B complaint.

[¶6] In ruling on the second complaint, the court concluded the assessor had deviated from the court's direction and went beyond the scope of remand by addressing the Foundation's ownership and use of the property. The court vacated the assessor's determination and remanded the case once more, directing the assessor to again reconsider "whether [the Foundation], which conducts research and teaches students about science, nonetheless does not

4

qualify under the statute as a scientific institution in accordance with the definition provided by the court."

[¶7] The assessor denied the tax exemption to the Foundation for a third time on August 20, 2021.[1] The assessor concluded the Foundation is not engaged primarily in scientific endeavors. The Foundation thereafter timely filed its third Rule 80B complaint seeking review of the assessor's decision.

[¶8] On March 2, 2022, the court issued its final judgment, on appeal here, determining that the Foundation is a scientific institution under section 652(1)(B). The court found there was an error of law in the assessor's decision and modified the decision to designate the Foundation as tax exempt. The Town timely appealed the court's final judgment. *See* 14 M.R.S. § 1851 (2023); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

[¶9] The Town argues the Superior Court lacked jurisdiction to review the assessor's decision under Rule 80B because review must be obtained either through abatement or by declaratory judgment. *See* 36 M.R.S. §§ 841, 843-44 (2023); 14 M.R.S. §§ 5951-5963 (2023).

---

[1] Also in August 2021, the Foundation filed a complaint seeking a declaratory judgment that it is tax exempt; however, the parties later stipulated to dismissing this complaint without prejudice.

[¶10]   We determine de novo whether the Superior Court had subject matter jurisdiction.  *Cf. State v. Sloboda*, 2020 ME 103, ¶ 4, 237 A.3d 848.  "Rule 80B does not create an independent right to appeal any governmental action to the Superior Court, but only provides the procedure to be followed for those disputes in which the court has jurisdiction."  *Dowey v. Sanford Hous. Auth.*, 516 A.2d 957, 959 (Me. 1986) (quotation marks omitted).  Jurisdiction exists under Rule 80B if review "is provided by statute or is otherwise available by law."  M.R. Civ. P. 80B(a).  Here, no statutory mechanism provides for direct review of the Town's tax assessor's decision pursuant to Rule 80B.  The court ruled that review was nonetheless otherwise available by law because it was akin to the traditional writ of certiorari.[2]  *See* M.R. Civ. P. 80B Advisory Committee's Notes To February 15, 1983 Order Amending Rule 80B; 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1 at 308-09 (2d ed. 1970).  Because the extraordinary writs were virtually eliminated as separate procedural devices, Rule 80B is ordinarily the only procedural path to assert against the government the substantive rights protected by the extraordinary writs.  M.R. Civ. P. 81

---

[2]  "Review is deemed 'otherwise available by law' if it is in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition, adapted to current conditions."  *Dowey v. Sanford Hous. Auth.*, 516 A.2d 957, 959-60 (Me. 1986) (quoting *Lyons v. Bd. of Dirs. of Sch. Admin. Dist. No. 43*, 503 A.2d 233, 236 (Me. 1986)).

Advisory Committee's Note December 31, 1967; 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1 at 308.

[¶11]  Historically, abatement provided the sole mechanism of review for overvaluation of property for tax purposes, including when an assessment encompassed exempt property.  *City of Lewiston v. All Me. Fair Ass'n*, 138 Me. 39, 43, 21 A.2d 635 (1941) ("The inclusion of exempt property in such an assessment was overvaluation which can only be remedied by abatement proceedings . . . ."); *Portland Terminal Co. v. City of Portland*, 129 Me. 264, 267, 151 A. 460 (1930) ("If the assessment is too large for any reason, either from including property that the taxpayer does not own or that is exempt from taxation . . . it is clearly a case of overvaluation, to be remedied by abatement."). We have continued to endorse abatement as a proper route to challenge a determination of whether property is exempt.  *See Credit Counseling Ctrs., Inc.*, 2003 ME 2, ¶ 8 n.2, 814 A.2d 458; *Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 4, 705 A.2d 1109.  In this case, there is no question that the Foundation did not pursue abatement.

[¶12]   As the Town acknowledges, however, abatement is not the exclusive avenue to establish the exempt status of property. We have explained that, in addition to abatement, a party has "the option of . . . seeking a

declaratory judgment declaring that the property is tax exempt." *Credit Counseling Ctrs., Inc.*, 2003 ME 2, ¶ 8 n.2, 814 A.2d 458; *see Me. Cent. R.R. Co. v. Town of Dexter,* 588 A.2d 289, 291, 293 (Me. 1991). We have never held, however, that Rule 80B authorizes a direct appeal from a town's decision regarding the exempt status of property.

[¶13] We need not determine whether review under Rule 80B is "otherwise available by law" under one of the extraordinary writs. M.R. Civ. P. 80B(a). Although the Foundation's complaint was labeled a complaint for review under Rule 80B, we have previously concluded that even if review under Rule 80B may not be available, the court nonetheless has jurisdiction when the complaint may fairly be treated as a complaint for declaratory judgment.[3] *See LaBonta v. City of Waterville*, 528 A.2d 1262, 1263-64 (Me. 1987); *Summit Realty, Inc. v. Gipe*, 315 A.2d 428, 430 n.2 (Me. 1974); *see also Walsh v. City of Brewer*, 315 A.2d 200, 210 (Me. 1974) (illustrating that the substantive gravamen of the complaint, not its label, determines the court's subject matter jurisdiction); *Capodilupo v. Town of Bristol*, 1999 ME 96, ¶ 4, 730 A.2d 1257

---

[3] We have recognized that the relief in a declaratory judgment action and a Rule 80B appeal are often closely aligned. *See, e.g., Cape Shore House Owners Ass'n. v. Town of Cape Elizabeth*, 2019 ME 86, ¶ 9, 209 A.3d 102 (affirming the dismissal of a declaratory judgment action because it was duplicative of the Rule 80B appeal); *see also Adelman v. Town of Baldwin*, 2000 ME 91, ¶¶ 6-7, 750 A.2d 577 (explaining that the issue of bias was "properly addressed in the Rule 80B appeal—not in an independent claim of bias, which would [have been] duplicative of the Rule 80B appeal").

(relying on the contents of the complaint rather than its label). Here, the Foundation's complaint sought a declaration that it was tax exempt, which the Superior Court plainly did in its third and final judgment. Because we conclude that the Foundation's claim is more properly treated as an action for declaratory judgment, we are satisfied that the trial court had jurisdiction.

[¶14] Moreover, we will not require the matter to be remanded to the Superior Court for the Foundation to amend and relabel its complaint.

> [T]he Superior Court would be compelled to engage in the duplicative task of considering exactly the same arguments and exactly the same evidence and deciding exactly the same issue as it has already considered and decided in entering the judgment here on appeal. Dismissal would serve no purpose whatever, would unjustifiably elevate form over substance, and would waste judicial resources as well as the resources of the parties. Dismissal would violate the basic purpose of the Maine Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action."

*LaBonta*, 528 A.2d at 1264 (quoting M.R. Civ. P. 1). "For the purposes of this case we need not decide the outer perimeter of the meaning of the phrase 'otherwise available by law,' because in any event the complaint adequately pleaded a claim for declaratory relief over which the Superior Court had subject matter jurisdiction." *Id.* at 1263. Therefore, we reach the merits.

## B. Section 652(1)(B) Exemption

[¶15]   We review de novo whether the Foundation falls within the exemption for "scientific and literary institutions" under section 652(1)(B).[4] *See Hebron Acad., Inc.,* 2013 ME 15, ¶ 9, 60 A.3d 774; *Hurricane Island Outward Bound v. Town of Vinalhaven*, 372 A.2d 1043, 1046 (Me. 1977).  To receive an exemption under section 652(1)(B), the Foundation was required to "prove that (1) it meets the 'literary and scientific institutions' requirement, (2) it owns the property, and (3) the property is 'occupied or used solely for its own purposes.'"  *Hebron Acad., Inc.,* 2013 ME 15, ¶ 7, 60 A.3d 774 (alteration omitted) (quoting 36 M.R.S. § 652(1)(B)).  In doing so, the Foundation needed to "bring [its] case unmistakably within the spirit and intent of the act creating the exemption."  *Alpha Rho Zeta of Lambda Chi Alpha, Inc. v. City of Waterville*, 477 A.2d 1131, 1136-37, 1140 (Me. 1984).

[¶16]   For an institution to be scientific, "it should be devoted either to the sciences generally, or to some department of science as a principal object, and not merely as an unimportant incident to its important objects."

---

[4] In this case, no party moved for a trial of the facts.  *See* M.R. Civ. P. 80B(d).  As the action is properly considered one for declaratory judgment rather than review pursuant to Rule 80B, we are essentially reviewing the Superior Court's decision on a stipulated record, *see Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2006 ME 44, ¶ 9, 896 A.2d 287, rather than reviewing the Town's tax assessor's decision directly, *see Friends of Lamoine v. Town of Lamoine*, 2020 ME 70, ¶ 2, 234 A.3d 214.

*Hurricane Island Outward Bound*, 372 A.2d at 1046 (quotation marks omitted). We previously concluded in *Hurricane Island Outward Bound* that an institution devoted to teaching applied sciences was not exempt and that "the [L]egislature made no provision under the penumbra of 'education'" for an exemption. *Id*. at 1047 & n.4. In that case, the institution's scientific purpose was incidental to its educational purpose. *Id.* at 1046-47; *see Nature Conservancy of the Pine Tree State, Inc. v. Town of Bristol*, 385 A.2d 39, 42 n.3 (Me. 1978).

[¶17] The record shows that the Foundation's primary purpose is educational, not scientific. The Foundation's purpose is to "promote character development, leadership skills and self-discovery through outdoor educational experiences beyond the traditional classroom." The Foundation's articles of incorporation indicate its primary purpose is "educational" and listed some "other charitable or research purposes." The Foundation's goal is to help "excite people about doing science and about being leaders in the next wave of scientific discovery and environmental conservation." (Quotation marks omitted). Its mission is "to integrate science education, applied research, and leadership development through year-round educational programs." (Quotation marks omitted). Finally, its brochures primarily discuss education

and applied sciences with some references to the sciences apart from education.

[¶18]   Because we conclude the Foundation failed to show it is a "scientific" institution, we do not discuss the other two requirements.  *See Hebron Acad., Inc.,* 2013 ME 15, ¶ 7, 60 A.3d 774.  Accordingly, we vacate the Superior Court's decision and remand for the court to enter a judgment declaring that the Foundation is not exempt.

The entry is:

> Judgment vacated.  Remanded to the Superior Court to enter a judgment declaring that the Foundation is not exempt.

David M. Kallin, Esq., and Benjamin J. Plante, Esq. (orally), Drummond Woodsum, Portland, for appellant Town of Vinalhaven

Jonathan M. Dunitz, Esq. (orally), Verrill Dana, LLP, Portland, for appellee Hurricane Island Foundation

Knox Superior Court docket number AP-2019-17
FOR CLERK REFERENCE ONLY