MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2023 ME 69
Docket:        Aro-23-24
Argued:        September 14, 2023
Decided:       November 9, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

CASSIDY HOLDINGS, LLC

v.

AROOSTOOK COUNTY COMMISSIONERS et al.

CONNORS, J.

[¶1]  The question presented is whether, under 36 M.R.S. § 844 (2023), the Aroostook County Commissioners (the Commissioners) and the State Board of Property Tax Review have concurrent jurisdiction to hear an appeal of a municipality's denial of a tax abatement application by Cassidy Holdings, LLC (Cassidy), which owns nonresidential property with an equalized municipal valuation of $1 million or greater.  Because the statute's plain language establishes concurrent jurisdiction, we affirm the Superior Court's judgment determining that the Commissioners have jurisdiction over an appeal of the abatement decision and remanding the matter to the Commissioners.

## I. BACKGROUND

[¶2]  "The following facts are drawn from the Superior Court's decision and are supported by the record."  *Hurricane Island Found. v. Town of Vinalhaven*, 2023 ME 33, ¶ 2, 295 A.3d 147.

[¶3]  Cassidy owns nonresidential property with an equalized municipal valuation of $1 million or greater in the City of Caribou.  After the City's tax assessor provided a valuation of Cassidy's property, Cassidy requested a partial abatement of its 2021 property taxes, which the City's Board of Assessors denied.  The City does not have a board of assessment review, so Cassidy next appealed the Board of Assessors' decision to the Commissioners.  The Commissioners concluded that they lacked subject matter jurisdiction and declined to hear the appeal.

[¶4]  Cassidy then appealed the Commissioners' decision to the Superior Court pursuant to Maine Rule of Civil Procedure 80B.  *See* 36 M.R.S. § 844(1) ("Either party may appeal from the decision of the county commissioners to the Superior Court, in accordance with the Maine Rules of Civil Procedure, Rule 80B.").

[¶5]  The Superior Court (*Nelson, J.*) concluded that the Commissioners erred in determining that they lacked jurisdiction over the abatement appeal

and remanded the case for the Commissioners to proceed on the merits. The Commissioners timely appealed that decision.[1] *See* 14 M.R.S. § 1851 (2023); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

### A.    We interpret the meaning of section 844 de novo.

[¶6]  When the Superior Court acts in an appellate capacity, we directly review the operative administrative decision "to determine whether the findings are unsupported by substantial evidence in the record, and whether there was any abuse of discretion or error of law." *Penkul v. Town of Lebanon*, 2016 ME 16, ¶ 14, 136 A.3d 88 (quotation marks omitted).  Here, the Commissioners concluded that they lacked jurisdiction to hear Cassidy's abatement appeal, which is a determination of law; therefore, we evaluate that decision by reviewing de novo any relevant statutory provisions.  *Desfosses v. City of Saco*, 2015 ME 151, ¶ 8, 128 A.3d 648.  We begin by examining the statute's plain language, considering the "entire statutory scheme to achieve a harmonious result." *Wister v. Town of Mount Desert*, 2009 ME 66, ¶ 17, 974 A.2d 903.  If the statute is clear, we end our review, and apply the plain meaning to

---

[1] Although this is an interlocutory appeal, on February 15, 2023, we issued an order allowing the appeal to proceed under an established exception to the final judgment rule.  *See Fichter v. Bd. of Envtl. Prot.*, 604 A.2d 433, 436 (Me. 1992); *Bar Harbor Banking & Tr. Co. v. Alexander*, 411 A.2d 74, 76 (Me. 1980).

4

interpret the provision at issue. *Desfosses*, 2015 ME 151, ¶ 8, 128 A.3d 648. If the statute is ambiguous, we proceed to using other interpretive tools to construe the statute. *See, e.g.*, *Damon v. S.D. Warren Co.*, 2010 ME 24, ¶ 10, 990 A.2d 1028.

**B. The plain language of section 844 provides for concurrent jurisdiction before either the Commissioners or the State Board.**

[¶7] The Commissioners argue that the language of 36 M.R.S. § 844 grants exclusive jurisdiction to the State Board over appeals of abatement decisions regarding nonresidential property with an equalized municipal valuation of $1 million or greater, while Cassidy argues that the statutory language provides concurrent jurisdiction for such appeals before the Commissioners and the State Board.[2]

[¶8] To set this question in context, 36 M.R.S. §§ 841-849 (2023) set out the avenues pursuant to which a taxpayer may seek an abatement of its municipal property taxes. The taxpayer must start by filing a written

---

[2] The Commissioners also point to *Central Me. Power Co. v. Town of Moscow*, 649 A.2d 320 (Me. 1994), as being dispositive regarding whether they have jurisdiction to hear the abatement appeal. In *Town of Moscow*, we said, "When a taxpayer challenges the assessment of nonresidential property with a municipal valuation exceeding $500,000, appeal from the municipal determination is to the Board of Property Tax Review." *Id.* at 322. Whether another governmental body was authorized to hear the taxpayer's challenge was not an issue in that case, and we did not evaluate the jurisdiction for abatement appeals beyond the State Board's authorization under section 844(2). *See id.* at 321-26. Therefore, our holding here is consistent with *Town of Moscow's* holding. The Legislature has since amended section 844(2) to raise the valuation threshold from $500,000 to $1,000,000. P.L. 1995, ch. 262, § 7.

application with the assessors or the municipal officers. 36 M.R.S. § 841(1). If that abatement application is denied, the taxpayer may then appeal the decision to the municipality's board of assessment review according to 36 M.R.S. § 843. If, as here, the municipality does not have a board of assessment review, appeals of abatement decisions are governed by 36 M.R.S. § 844.

[¶9]  Under 36 M.R.S. § 844(1), a property owner who applied for abatement with the assessors or municipal officers and was denied "may apply to the county commissioners within 60 days after notice of the decisions from which the appeal is being taken or within 60 days after the application is deemed to have been denied."

[¶10]  If the property owner is appealing an abatement decision regarding nonresidential property valued at $1 million or greater, then 36 M.R.S. § 844(2) becomes relevant and provides:

> *Notwithstanding subsection 1*, the applicant *may* appeal the decision of the assessors or the municipal officers on a request for abatement with respect to nonresidential property or properties having an equalized municipal valuation of $1,000,000 or greater, either separately or in the aggregate, to the State Board of Property Tax Review within 60 days after notice of the decision from which the appeal is taken or after the application is deemed to be denied. If the State Board of Property Tax Review determines that the applicant is over-assessed, it shall grant such reasonable abatement as it determines proper. For the purposes of this subsection, "nonresidential property" means property that is used primarily for commercial, industrial or business purposes,

> excluding unimproved land that is not associated with a commercial, industrial, or business use.

(Emphasis added.)

[¶11]  The issue before us is the interplay between subsections 1 and 2 of section 844 and whether subsection 2 requires an owner of nonresidential property valued at $1 million or greater to pursue a discretionary appeal before the State Board and not the county commissioners.

[¶12]  In interpreting statutory language, "[w]ords and phrases shall be construed according to the common meaning of the language."  1 M.R.S. § 72(3) (2023).  We often look to dictionaries to identify that common meaning. *See, e.g., State v. Blum*, 2018 ME 78, ¶ 9, 187 A.3d 566; *Hum. Rts. Def. Ctr. v. Maine Cnty. Comm'rs Ass'n Self-funded Risk Mgmt. Pool*, 2023 ME 56, ¶ 22, 301 A.3d 782 ("The plain meaning of the [statutory] language may be determined by its dictionary definition.").

[¶13]  Section 844(2) opens with the phrase "[n]otwithstanding subsection 1."  Several dictionaries define "notwithstanding" as "in spite of." *Notwithstanding*, New Oxford American Dictionary (3d ed. 2010); *Notwithstanding*, American Heritage Dictionary of the English Language (5th ed. 2016); *Notwithstanding*, Webster's New World College Dictionary

(5th ed. 2016). Therefore, the common meaning of this opening phrase is in spite of subsection 1; that is, subsection 1 does not affect subsection 2.

[¶14] We turn next to the word "may." Title 1 M.R.S. § 71(9-A) (2023) provides in relevant part that "'[s]hall' and 'must' are terms of equal weight that indicate a mandatory duty, action or requirement. 'May' indicates authorization or permission to act." The New Oxford American Dictionary defines "may" as expressing permission. *May*, New Oxford American Dictionary (3d ed. 2010). The Maine Legislative Drafting Manual[3] similarly provides:

> **(3) May.** "May" means "is permitted to," "is authorized to," "is entitled to" or "has power to." "May" authorizes or permits rather than commands.
>
> **Example:**
>
> The commissioner may call a special meeting when necessary.
>
> If calling a special meeting is discretionary, "may" is the proper word. If the commissioner is required to call a special meeting, use "the commissioner shall. . ."

Office of the Revisor of Statutes, *Maine Legislative Drafting Manual*, pt. III, ch. 2, § 1(A)(3) at 101 (1st ed. Oct. 1990, rev. Oct. 2022).

---

[3] We have looked to this manual repeatedly. *E.g., Manirakiza v. Dep't of Health & Hum. Servs.*, 2018 ME 10, ¶ 10, 177 A.3d 1264; *Jacob v. Kippax*, 2011 ME 1, ¶ 31, 10 A.3d 1159.

8

[¶15]  The Legislature's use of "may" in section 844(2) is particularly significant given its forceful use of language like "shall" or "must" in other parts of the statute.  *See, e.g.*, 36 M.R.S. § 583 (2023) ("Appeal from an abatement decision rendered under section 841 *shall* be to the State Board of Property Tax Review." (emphasis added)); 36 M.R.S. § 1118 (2023) ("Appeal from a decision rendered under section 841 or a recommended current use value established under section 1106-A *must* be to the State Board of Property Tax Review." (emphasis added)).

[¶16]  In sum, consistent with the opening "notwithstanding" clause, use of the term "may" makes plain that an applicant is permitted to appeal to the State Board but does not mean that the Board is the exclusive body with jurisdiction to hear the appeal.  Rather, the applicant, at its option, may choose to appeal either to the State Board or to the county commissioners.[4]

---

[4] Because we rule based on the plain reading of the statute, we need go no further.  *See Cobb v. Bd. of Counseling Professionals Licensure*, 2006 ME 48, ¶ 13, 896 A.2d 271 (holding that we do not defer to an agency's interpretation of an unambiguous statute).  We note, however, that in support of their interpretation of the statute, the Commissioners cited Maine Revenue Services Property Tax Division Tax Bulletin No. 10, in which the agency interpreted section 844(2) to require that these appeals go to the State Board.  Originally, however, this guidance allowed the appeals to proceed to the County Commissioners or the State Board of Property Tax Review.  Days after the Superior Court entered judgment in this case, the Maine Revenue Service's guidance changed and directed appeals to the State Board without mention of the Commissioners.  In making that change, the agency did not acknowledge that it was changing its position; did not explain why it was doing so; and, given this lacuna in explanation, did not indicate that it had reflected upon any relevant reliance interests.

An agency is free to change its mind in its interpretation of a statute.  *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 417 (1993).  But if it does so, the agency must acknowledge that it is making a

### III. CONCLUSION

[¶17]  We conclude that the statute is clear.  Section 844 allows a property owner to appeal an abatement decision directly to county commissioners or to the State Board of Property Tax Review when the municipality does not have a board of assessment review and the taxed property at issue is nonresidential property valued at $1 million or greater.

The entry is:

Judgment affirmed.

---

change, explain why, and give due consideration to the serious reliance interests on the old policy. Charles Koch, Jr. & Richard Murphy, Admin. L. & Prac., *Review of policy changes* § 11:30.25, Westlaw (database updated February 2023) (At the time Cassidy had to decide where to appeal, the agency was indicating it could go to the Commissioners).  *See also FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) ("An agency may not . . . depart from a prior policy *sub silentio*."); *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) ("Unexplained inconsistency is, at most, a reason for holding an interpretation to be an arbitrary and capricious change from agency practice under the Administrative Procedure Act."); *Encino Motorcars, LLC v. Navarro*, 579 US. 211, 221-22 (2016) (noting that agencies must acknowledge the fact of change, offer good reasons for the change, take cognizance of reliance interests, and explain why they are "disregarding facts and circumstances that underlay or were engendered by the prior policy" (quoting *Fox Television Stations, Inc.*, 129 S.Ct. 1800, 1811)); *Smiley v. Citibank (S.D.), N.A.*, 517 U.S. 735, 742 (1996) ("sudden and unexplained change" or "change that does not take account of legitimate reliance on prior interpretation" may be arbitrary); *Nat'l Lab. Rels. Bd. v. Lily Transp. Corp.*, 853 F.3d 31, 36 (1st Cir. 2017) (noting that the Justices in *Fox* were unanimous in their "acceptance of the view, often expressed, that an agency is not forever bound by an earlier resolution of an interpretive issue, but that a change must be addressed expressly, at least by the agency's articulate recognition that it is departing from its precedent" and that "an about-face on a rule owing to facts changed from those underlying the prior view requires that the new facts be addressed explicitly by reasoned explanation for the change of direction").

Peter T. Marchesi, Esq., and Michael D. Lichtenstein, Esq. (orally), Wheeler & Arey, P.A., Waterville, for appellant Aroostook County Commissioners

Roger L. Huber, Esq. (orally), and Emily A. Belanger, Esq., Farrell, Rosenblatt & Russell, Bangor, for appellee Cassidy Holdings, LLC

Aroostook County Superior Court docket number AP-2022-2
FOR CLERK REFERENCE ONLY