**2012 ME 76**

**Joel GOLDER et al.**

v.

**CITY OF SACO et al.**

Supreme Judicial Court of Maine.

Argued: April 11, 2012.
Decided: June 12, 2012.

David A. Lourie, Esq. (orally), Cape Elizabeth, for appellants Joel Golder et al.

Natalie L. Burns, Esq. (orally), and Mark A. Bower, Esq., Jensen Baird Gardner & Henry, Portland, for appellee City of Saco.

David R. Ordway (orally), Smith & Elliott, P.A., Saco, for appellee Estates at Bay View LLC.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] This appeal arises from the City of Saco's approval of a contract zoning agreement for property purchased by Estates at Bay View, LLC. Joel Golder and other nearby property owners (collectively, the Neighbors) filed a five-count complaint in the Superior Court challenging the legality of the contract zoning agreement and the Saco Planning Board's subsequent approval of a subdivision and site plan for the property. The Neighbors now appeal from a judgment of the Superior Court (York County, *Fritzsche, J.*) granting the City's motion to dismiss three of the counts, granting summary judgment in favor of the City and Bay View on one of the counts, and affirming the decision of the Saco Planning Board on the final count. We affirm the judgment.

## I. BACKGROUND

[¶ 2] In 2009, Estates at Bay View, LLC entered into a purchase and sale agreement for property in Saco, at the corner of Bay View Road and Seaside Avenue. The property consists of 9.42 acres of land and, at the time of purchase, was occupied by a five-story, 41,800–square–foot inn with several outbuildings, which were nonconforming buildings and uses for the zone. At its eastern border, the property includes a beach that the public has used for many years.[1]

[¶ 3] Bay View approached the Saco Planning Board in October 2009 with an application for a contract zone agreement (CZA) seeking certain zoning amendments to permit the development of a proposed residential subdivision on the property. In particular, the application sought to reduce the minimum lot size for the lots in the subdivision to allow for a greater density of development. The Planning Board and City Council conducted public hearings and ultimately approved the CZA, with several amendments. Bay View then sought approval from the Planning Board for the construction of its proposed subdivision. The Planning Board approved the subdivision plan on July 20, 2010, in a written decision.

[¶ 4] The CZA approved by the City permitted the development of a fourteen-lot subdivision with lot sizes smaller than the 7,500 square feet required by the otherwise applicable zoning district. In addition, the CZA listed several conditions for approval that related to the public's beach access, including the conveyance to the City and improvement of a separate parcel of property across Seaside Avenue from the proposed development; the contribution of $100,000 from Bay View to the City towards construction of a sidewalk along Bay View Road to the beach; improvements to the existing parking lot on a City-owned parcel, diagonally across from the proposed development; construction of a public restroom facility on the subdivi-

---

1. The City of Saco provides portable toilets for the beach-going public, located in the right-of-way of Bay View Road, between Seaside Avenue and the beach. The City owns a parcel of land at the northwest corner of Bay View Road and Seaside Avenue that is used as a public parking lot for the beach; members of the public have also parked on part of the property in question, along Bay View Road.

sion property, with an associated easement to the City; and the conveyance to the City of the beach property to the east of the existing sand dune fence for public use.

[¶ 5] The Neighbors, Joel and Harriet Golder, Mark and Christine Goretti, and Mona DeAngelo, all own residential property on the northern side of Bay View Road, across the street from the proposed development. The Neighbors participated in both the hearing before the Planning Board and the hearing before the City Council. After the City approved the CZA and the Planning Board approved Bay View's subdivision and site plan, the Neighbors filed a five-count complaint with the Superior Court. Among other claims,[2] the Neighbors alleged that the City's approval of the CZA violated 30–A M.R.S. § 4352(8) (2011), the provision for contract zoning in the zoning enabling statute. The Neighbors filed a motion for summary judgment with respect to this claim. The City opposed the motion and requested summary judgment in its favor.

[¶ 6] The Superior Court held a hearing on the motions for summary judgment and granted summary judgment in favor of the City and Bay View. In its order and decision entered in April 2011, the court noted that the parties had "narrowed the issue to whether the rezoning 'Only include(s) conditions and restrictions that relate to the physical development or operation of the property,'" pursuant to section 4352(8)(C). Observing that the Legislature "has given municipalities substantial freedom in determining whether there should be contract zoning at all and what form any agreement might take," the court concluded that, given the historic use and operation of the property as public beach

access, the conditions and restrictions all "relate to" the physical development of the property or its operation.

[¶ 7] In an order and decision entered in August 2011, the court granted the City's motion to dismiss three of the four remaining counts and entered judgment in favor of the City and Bay View on the final count, concluding that the subdivision plan approved by the Planning Board was in compliance with the intended effect of the CZA. The Neighbors appeal the court's decision with respect to all counts of their complaint.

## II. LEGAL ANALYSIS

[¶ 8] Because we find no merit in the Neighbors' arguments regarding their other claims, we address only the grant of summary judgment in favor of the City with respect to the section 4352(8)(C) issue.

[¶ 9] We review the entry of summary judgment de novo. *Beneficial Me. Inc. v. Carter,* 2011 ME 77, ¶ 6, 25 A.3d 96. A grant of summary judgment will be affirmed "if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573.

[¶ 10] As a preliminary matter, we address the scope of the factual record for review. Although not asserted as a separate source of error by the parties, the parties' appellate briefs take different approaches with respect to this issue. The Neighbors assert that "the summary judgment record" entitled them to summary judgment in their favor, or "at least created material disputes of fact" about wheth-

**2.** The Neighbors' other claims alleged violation of due process and equal protection with respect to the United States and Maine Constitutions, violation of the common law prohibition against illegal spot zoning, and an appeal, pursuant to M.R. Civ. P. 80B, of the decision of the Planning Board approving the subdivision and site plan.

er the CZA provisions violated section 4352(8)(C), which would entitle them to discovery and a trial. The City and Bay View assert that the proper course for the trial court was to limit its review to the record considered by the legislative body (here, the City Council) when it approved the CZA, and that discovery in such a context is inappropriate.

[¶ 11] We reiterate here a fundamental point—zoning is a legislative act. *Crispin v. Town of Scarborough*, 1999 ME 112, ¶ 18, 736 A.2d 241. When addressing whether a zoning action is consistent with a city's comprehensive plan, pursuant to 30-A M.R.S. § 4352(2), the "test for the court's review of the city council's rezoning action is whether *from the evidence before it* the city council could have determined that the rezoning was in basic harmony with the [comprehensive] plan." *LaBonta v. City of Waterville*, 528 A.2d 1262, 1265 (Me.1987) (quotation marks omitted). This standard does not change, whether on summary judgment or otherwise, when the issue is compliance with the statutory requirements of section 4352(8), rather than the comprehensive plan. Therefore, to preserve the separation of powers, when this Court considers whether a zoning amendment is consistent with a statutory requirement, the record is limited to the record before the municipality's legislative body, deference is given to the judgment of the legislative body, and the challenger bears the burden of proving that the amendment is inconsistent. *See Adelman v. Town of Baldwin*, 2000 ME 91, ¶¶ 22–24, 750 A.2d 577 (discussing the plaintiff's burden to prove inconsistency); *Vella v. Town of Camden*, 677 A.2d 1051, 1053 (Me.1996) ("[W]e will not substitute our judgment for that of the legislative body."); *LaBonta*, 528 A.2d at 1265; *see also McMillan v. City of Portland*, 2005 WL 6000897, 2005 Me.Super. LEXIS 164, at *8–10 (Nov. 22, 2005) (noting, in a summary judgment action, that "the sole province of the court . . . is to determine whether the City Council could rationally have adopted the conditional zone in light of the evidence presented to it, the various policies articulated in the Comprehensive Plan, and the statutory charge under 30–A M.R.S. § 4352(8)" because taking additional evidence would "violate the separation of powers").

[¶ 12] In this case, because none of the parties appear to contest the record developed before the Planning Board and City Council, the material facts are not in dispute. We therefore turn to the question of whether the City and Bay View were entitled to judgment as a matter of law.

[¶ 13] The Neighbors challenge the City's conclusion that the CZA met the requirements of 30–A M.R.S. § 4352(8)(C). Section 4352(8) permits municipalities to implement zoning ordinances that include provisions for conditional or contract zoning, so long as the requirements of that statutory section are met. In addition to certain procedural requirements, section 4352(8) requires that all contract zoning:

A. Be consistent with the growth management program adopted under this chapter;

B. Establish rezoned areas that are consistent with the existing and permitted uses within the original zones; and

C. Only include conditions and restrictions that relate to the physical development or operation of the property.

The City's ordinance permits contract zoning pursuant to section 4352(8). Saco, Me., Zoning Ordinance § 1403 (June 1, 2009). The Saco City Council is ultimately responsible for approving the contract zon-

ing amendment, based on the Planning Board's recommendation and findings. *Id.* § 1403–7.

[¶ 14] The Neighbors contend that certain provisions in the CZA were not sufficiently related to the physical development or operation of the property being rezoned to meet the requirements of section 4352(8)(C), and therefore the court erred in granting summary judgment. The Neighbors assert that section 4352(8)(C) should be read to prohibit contract zoning agreements containing provisions affecting property beyond the boundaries of the property being rezoned.

[¶ 15] We decline to adopt the narrow reading of section 4352(8)(C) suggested by the Neighbors. Here, it is self-evident that the City could rationally conclude that the CZA's provisions regarding the public parking improvements and beach access were related to the development and operation of the property. It was entirely appropriate for the City to consider the impacts of development on an area's existing use, particularly with respect to an area such as this: one with a history of public beach access, public parking, and public restrooms. All of the provisions in the CZA relate to property in the immediate vicinity of the development and serve to ensure that development of the parcel will be in harmony with the public's access to the beach and continued health and safety.[3]

[¶ 16] In the present case, the relationship between the off-site conditions in the CZA and the physical development and operation of the property is self-evident from the record. The same may not be true in other cases. Although not mandated by the statute, a municipality consider-

ing the approval of a contract zoning agreement containing off-site conditions or restrictions may wish to include in the agreement a finding or findings that explain why the off-site conditions and restrictions relate to the physical development or operation of the property, so as to ensure compliance with section 4352(8)(C).

The entry is:

Judgment affirmed as to all counts.

---

**3.** To the extent that the $100,000 payment to the City from Bay View to aid in the construction of a sidewalk may exceed the scope of the City's contract zoning authority pursuant to 30–A M.R.S. § 4352(8)(C) (2011), we nonetheless affirm this aspect of the CZA as a permissible impact fee, pursuant to 30–A M.R.S. § 4354 (2011).