MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 178
Docket:       Cum-16-225
Argued:       November 10, 2016
Decided:      December 8, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

FRIENDS OF THE MOTHERHOUSE et al.

v.

CITY OF PORTLAND et al.

MEAD, J.

[¶1]  Friends of the Motherhouse, a nonprofit corporation, and Raymond Foote and Barbara Weed (collectively "Friends") appeal from a summary judgment entered by the Superior Court (Cumberland County, *Warren, J.*) in favor of the defendant City of Portland and intervenors Sea Coast at Baxter Woods Associates, LLC, and Motherhouse Associates LP (intervenors collectively "Sea Coast").  The court entered judgment on Friends' complaint seeking a declaration that the Portland City Council's rezoning of a parcel owned by Sea Coast was invalid.  We conclude that the Council acted within its broad legislative authority and affirm the judgment.

## I. FACTS AND PROCEDURE

[¶2]  Although the facts, drawn from the summary judgment record, are taken in the light most favorable to Friends, *see Sullivan v. St. Joseph's Rehab. & Residence*, 2016 ME 107, ¶ 2, 143 A.3d 1283, in this case Friends admitted the statement of material facts filed by Sea Coast in its entirety.

[¶3]  Sea Coast has a purchase and sale agreement to buy a 17.5-acre parcel located on Stevens Avenue in Portland (the property) that is the site of a private high school; St. Catherine's Hall, which is used as a residence by retired Sisters of Mercy; and the vacant St. Joseph's Convent, known as the "Motherhouse."  Sea Coast intends to give the high school a twenty-five-year lease, retain St. Catherine's Hall's current use, develop the Motherhouse into a multifamily dwelling consisting of eighty-eight affordable and market-rate senior housing units, and develop the surrounding grounds into a retirement community consisting of additional dwelling units and assisted living facilities.

[¶4]  On March 4, 2015, Sea Coast requested a zoning amendment that, after some revision, sought to have a 13.5-acre portion of the property that did not include the high school and St. Catherine's Hall rezoned from R-5 residential to R-5A residential.  As described in Portland's comprehensive plan, "[t]he

permitted residential uses in the R-5a[1] zone are very similar to those in the R-5 zone, except that multiplexes are not allowed. The other significant difference is that PRUDs [planned residential unit developments] may be developed at a higher density."

[¶5] On May 12, after notice and a public hearing, the Planning Board voted unanimously to recommend that the Council approve a zoning map amendment rezoning the Sea Coast property as proposed, and approve amendments to the text of the zoning ordinance having general applicability concerning the R-5A zone. The Planning Board's report to the Council contained an explicit finding that the amendments were consistent with Portland's comprehensive plan.

[¶6] The Council held a public hearing and voted to adopt the text amendments, while tabling the proposed map amendment. Sea Coast then reduced the portion of the property to be rezoned as R-5A to 7.51 acres, in the process reducing the number of potential housing units on the property by eighty-five. The Council unanimously approved the revised map amendment on July 6, rezoning the 7.51-acre portion of the property to R-5A.

---

[1] The comprehensive plan designates the zone as "R-5a"; the zoning ordinance, Planning Board, City Council, and Superior Court designate the zone as "R-5A." We will use "R-5A" throughout the remainder of this opinion.

[¶7]  Following the Council's rezoning action, Sea Coast applied to the Planning Board for a four-lot subdivision of the entire property, as well as a subdivision in the Motherhouse consisting of sixty-six affordable and twenty-two market-rate senior housing units.  The Planning Board approved the application on August 11, 2015.  No appeal from that action has been taken.

[¶8]  On October 23, 2015, Friends filed a two-count complaint for declaratory judgment in the Superior Court seeking to invalidate the Council's rezoning action.  The complaint asserted that the comprehensive plan required that R-5A zones be created only by contractual or conditional rezoning, and that the map and textual amendments were "substantively inconsistent with the Comprehensive Plan's goals and policies for the Deering Center/Stevens Avenue neighborhood."

[¶9]  Sea Coast moved for summary judgment and the City joined in the motion.  In a judgment dated April 19, 2016, the court concluded that

> the zoning code and map amendments at issue are "in basic harmony" with Portland's Comprehensive Plan . . . and . . . the rezoning of 7.51 acres of the St. Joseph's convent site to R-5A did not have to be accomplished by conditional or contract zoning. Accordingly, Intervenors are entitled to summary judgment granting declaratory relief to that effect.

Friends appealed.

## II.  DISCUSSION

[¶10]  We review the entry of a summary judgment de novo, and will "affirm the grant of summary judgment if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law."  *Remmel v. City of Portland*, 2014 ME 114, ¶ 11, 102 A.3d 1168 (quotation marks omitted).  In *Remmel* we set out the standards of review applicable to this case, in which we are again called upon to review a zoning decision of the Portland City Council:

> Our review of the City Council's action must respect that zoning is a legislative act and must give deference to the legislative body. Judicial review of a . . . rezoning decision is ultimately limited to determining whether the City Council could rationally have adopted the [new] zone in light of the evidence presented to it, the various policies articulated in the comprehensive plan, and the mandate of [the applicable statute].
>
> . . . .
>
> By statute, zoning ordinances and subsequent rezoning actions must be "pursuant to and consistent with a comprehensive plan adopted by the municipal legislative body." 30-A M.R.S. § 4352(2) [(2015)].  When considering whether a rezoning action is "consistent with" a city's comprehensive plan, a court must determine whether the City Council could have, from the evidence before it, found that the rezoning was in basic harmony with the comprehensive plan.  The challenger bears the burden of proving that the amendment is inconsistent with the comprehensive plan.
>
> A zoning or rezoning action need not perfectly fulfill the goals of a comprehensive plan; it may be in basic harmony with the plan so

long as it strikes a reasonable balance among the municipality's various zoning goals or overlaps considerably with the plan. In addition, a comprehensive plan is considered as a whole; a municipality may conclude that a rezoning action is consistent with a comprehensive plan when it is in harmony with some provisions of the plan, even if the action appears inconsistent with other provisions of the plan.

*Id.* ¶¶ 1, 12-14 (alterations, citations and quotation marks omitted); *see also Golder v. City of Saco*, 2012 ME 76, ¶ 11, 45 A.3d 697. We review the Council's factual determinations for clear error. *Remmel*, 2014 ME 114, ¶ 21 n.5, 102 A.3d 1168.

[¶11] The evidence before the Council included the Planning Board's report. In that report, the Planning Board found that the Sea Coast project was consistent with the purpose of the R-5A zone as set out in the comprehensive plan, which is

[t]o provide for moderate-density residential development in off-peninsula sections that can provide a unique residential living experience with a high degree of natural site amenities; and to provide areas of the city in the general proximity of the peninsula that have the ability for adequate municipal services, including traffic corridors with adequate traffic capacity, that can appropriately accommodate a more intensive use of land than other lower-density zoned land and be compatible with surrounding neighborhoods; and to increase affordable housing opportunities in off-peninsula locations by providing a moderate density zone.

The Planning Board additionally identified "[g]oals and policies" stated in the comprehensive plan that it found to be relevant to the Sea Coast proposal, including several focusing on the need for an adequate housing supply for the City's residents in general, and for senior citizens at all income levels in particular.

[¶12] Given the portions of the comprehensive plan identified by the Planning Board and considered by the Council, and applying *Remmel* and the deference to the Council's decision that it requires, 2014 ME 114, ¶ 12, 102 A.3d 1168, Friends did not meet its burden to prove that the Council's action rezoning part of the Motherhouse property to allow the development of senior housing—while retaining the high school and St. Catherine's Hall in their original zone—was not "in basic harmony with the comprehensive plan." *Id.* ¶ 13 (quotation marks omitted).

[¶13] Friends' argument that the amendments are inconsistent with the comprehensive plan because the Council did not employ conditional or contract zoning is not persuasive. The comprehensive plan does not specify a particular method for rezoning a property as R-5A, and says nothing about conditional or contract zoning at all in the section defining the R-5A zone. It says only that

"[t]he R-5a is applied though rezoning when a site and development proposal meets the intent of this zoning classification."

[¶14]   The zoning ordinance—not the comprehensive plan—formerly required conditional or contract zoning in order to create an R-5A zone containing a planned residential unit development, but the Council chose to follow the recommendation of the Planning Board and changed the ordinance to eliminate that requirement.   As the Planning Board noted, the comprehensive plan explicitly allows such a change in providing that "[p]otential text amendments will be considered to update the residential zones in conformance with the recommendations of [the comprehensive plan]." "[B]asic harmony with the comprehensive plan," not harmony with the former zoning ordinance, is the test that we apply when reviewing the Council's zoning decision.  *Remmel*, 2014 ME 114, ¶¶ 13-14, 102 A.3d 1168 (quotation marks omitted).  Because that test is satisfied in this case, the court did not err in finding that Sea Coast was entitled to judgment as a matter of law.

[¶15]   Having concluded that summary judgment was appropriately granted, we do not reach the alternative argument advanced by Sea Coast and the City that even if the Council's rezoning action conflicted with the

comprehensive plan, the Planning Board's approval of Sea Coast's subdivision application remains valid because Friends did not appeal from that action.

The entry is:

Judgment affirmed.

_____

**On the briefs:**

David A. Lourie, Esq., Cape Elizabeth, for appellants Friends of the Motherhouse, Raymond Foote, and Barbara Weed

Danielle P. West-Chuhta, Esq., City of Portland, Portland, for appellee City of Portland

Natalie L. Burns, Esq., and Mark A. Bower, Esq., Jensen Baird Gardner & Henry, Portland, for appellees Motherhouse Associates LP and Sea Coast at Baxter Woods Associates

**At oral argument:**

David A. Lourie, Esq., for appellants Friends of the Motherhouse, Raymond Foote, and Barbara Weed

Danielle P. West-Chuhta, Esq., for appellee City of Portland

Natalie L. Burns, Esq., for appellees Motherhouse Associates LP and Sea Coast at Baxter Woods Associates

Cumberland County Superior Court docket number CV-2015-480
FOR CLERK REFERENCE ONLY