MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2017 ME 145
Docket:         Yor-16-198
Submitted
  On Briefs:    June 14, 2017
Decided:        July 6, 2017

Panel:          ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

MTGLQ INVESTORS, L.P.

v.

SHELLEY ALLEY

GORMAN, J.

[¶1]  On September 12, 2013, Wells Fargo Bank, N.A.,[1] filed a foreclosure complaint in the District Court (Springvale) naming John F. Shelley as the defendant and Shelley Alley as a party in interest.  In the complaint, Wells Fargo alleged that on April 5, 2007, Linda M. Shelley executed a note in favor of First Magnus Financial Corporation for $211,500.  The complaint alleged that on the same day, Linda M. Shelley and John F. Shelley executed a mortgage on property in Waterboro as security for the loan, naming First Magnus as the lender and Mortgage Electronic Registration Systems, Inc., as the nominee.  Wells Fargo further alleged that John and Linda deeded the

---

[1]  The court (*Janelle, J.*) substituted MTGLQ Investors, L.P., as the plaintiff by order dated May 11, 2015.

2

property to Alley on April 26, 2007; Linda died on June 26, 2011; and the note had been in default since August 1, 2011. Alley answered the complaint.[2]

[¶2] After a nonjury testimonial hearing, by decision dated March 23, 2016, the court (*Driscoll, J.*) entered a judgment of foreclosure in favor of MTGLQ in the amount of $268,897.21 plus interest and fees. The court denied Alley's request for further findings of fact. *See* M.R. Civ. P. 52(b). Alley appeals.

[¶3] We do not reach Alley's challenge to the merits of the foreclosure determination, however, because we conclude that there is a dispositive threshold issue regarding the absence of the debtor as a necessary party. Although not raised before the trial court or to us, we may, sua sponte, raise the issue of the absence of a necessary party at any point in the proceedings.[3] *Ocwen Fed. Bank, FSB v. Gile*, 2001 ME 120, ¶ 16, 777 A.2d 275.

[¶4] The court found—and there is no dispute—that only Linda executed the note in 2007 in favor of First Magnus (as noted above, both Linda

---

[2] John Shelley filed a response to the complaint stating that he claimed no interest in the property and was not a party to the note. He did not appear at the trial and is not a party to the appeal. Alley has defended the action as a party in interest. *See* 14 M.R.S. § 6321 (2012) (providing for the joinder of any party in interest, including "mortgagors, holders of fee interest, mortgagees, lessees . . . , lienors and attaching creditors"); *see also infra* n.6.

[3] We requested additional briefing from the parties regarding the effect of the absence of the debtor as a party to this foreclosure action. Both parties submitted supplemental briefs addressing this issue.

and John executed the mortgage and then purported to deed the property to Alley). The note was indorsed in blank and is currently held by MTGLQ. *See* 11 M.R.S. §§ 1-1201(21)(a), 3-1301 (2016); *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 10 & n.7, 96 A.3d 700. A few weeks after Linda died in 2011, the note went into default. The record contains no intimation or evidence that the obligations of the note were ever taken over by any other party.[4] In short, this litigation is missing a debtor (presumably, the Estate of Linda Shelley).[5]

[¶5] Maine Rule of Civil Procedure 19(a) "requires joinder of all available persons who have an interest in the litigation so that any judgment will effectively and completely adjudicate the dispute." *Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275 (quotation marks omitted). Thus, a necessary party is one whose absence prevents the court from finally determining the matter before it, *see id.* ¶ 12: "Joinder is required in circumstances where the absence of

---

[4] We are not persuaded by MTGLQ's argument that Alley should be deemed to have assumed the obligations of the note by accepting the deed to the property in violation of the provisions in the mortgage and note allowing the lender to accelerate the note if the property was transferred without the lender's prior written consent. Alley was not a party to either the note or the mortgage and is therefore not bound by their terms. *See Sullivan v. Porter*, 2004 ME 134, ¶¶ 11, 13, 861 A.2d 625 (stating that "the party seeking to enforce the contract must establish . . . that the parties did enter into a contract," including the parties' "mutual[] assent to be bound by all its material terms"). MTGLQ also offers no authority for any mechanism by which a party can be held to be a de facto debtor in these circumstances.

[5] This is unlike a party's failure to defend an action, which could give rise to a default judgment. *See* M.R. Civ. P. 55. Neither Linda's Estate nor any other debtor was ever named as a party or provided notice of the action. *See Stoops v. Nelson*, 2013 ME 27, ¶ 19, 61 A.3d 705 (applying due process requirements to foreclosure proceedings).

unnamed parties would prevent a judgment from fully adjudicating the underlying dispute, expose those who are already parties to multiple or inconsistent obligations, or prejudice the interests of absent parties," *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 9, 968 A.2d 539. *See Gile*, 2001 ME 120, ¶ 21, 777 A.2d 275 ("If joinder of a directly interested party is *possible*, then joinder is mandatory."). Whether a party is necessary to the litigation therefore depends on what elements of proof must be established, based on the cause of action alleged in that particular litigation. *See Housing Sec., Inc. v. Me. Nat'l Bank*, 391 A.2d 311, 315 (Me. 1978).

[¶6]  Among the necessary elements for foreclosure in Maine are the plaintiff's proof, by a preponderance of the evidence, of both "a breach of condition in the mortgage" and "the amount due on the mortgage note, including any reasonable attorney fees and court costs." *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *see U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 9, 126 A.3d 734. Here, as in most foreclosure cases, MTGLQ alleged—and the court found—that the mortgage was breached by the default on the payment obligations of the note. The crux of the dispute is therefore whether and to what extent the debtor met her contractual obligations to the bank (i.e., those set out in the note). Although a person with an interest in the

property subject to the mortgage has standing to defend the matter by virtue of her interest in the property, *see* 14 M.R.S. § 6321 (2012),[6] the person with an interest in the property is unable to do so effectively as to the nonpayment on the note because the person is not—and, as here, may never have been—a party to the note. The inability of a court to properly adjudicate the issues embedded in a foreclosure action without the debtor is made even more clear in this case because the judgment purports to render John Shelley—who is not the obligor on the note—liable for any deficiency, but then states that no deficiency shall issue "against anyone who did not actually execute a promissory note or other document creating an obligation to pay."

[¶7] Thus, without the debtor—and more particularly, in the absence of notice to the debtor and an opportunity for the debtor to be heard, *see infra* n.5—the court cannot fully and fairly decide the contractual dispute on which the creditor's entitlement to reach and sell the property depends. *See Gile*, 2001 ME 120, ¶ 11, 777 A.2d 275 ("We are hesitant to act upon requests to decide issues when the interests of the parties to the appeal are not apparent and an important party is not before the Court."). This is analogous to the approach we took in *Gile*, in which a bank filed a complaint to foreclose

---

[6] Title 14 M.R.S. § 6321 has since been amended, but not in any way that affects this appeal. *See* P.L. 2015, ch. 229, § 1 (effective Oct. 15, 2015); P.L. 2013, ch. 555, § 2 (effective Aug. 1, 2014).

6

on property that was also subject to a municipal tax lien. *Id.* ¶¶ 3-4. While the litigation was pending, a successor bank attempted to pay the town the past due taxes and associated interest and fees. *Id.* ¶ 6. We held that the town was a necessary party to the litigation because both "the nature of the [mortgagor's] remaining interest in the property" and "the sums that may be due and owing to [the successor bank] cannot be finally determined until the status of the Town's interest in the property is resolved." *Id.* ¶ 12. As in *Gile*, "the sums that may be due and owing" to MTGLQ by virtue of the alleged default on the note "cannot be finally determined" until the debtor or her successor has an opportunity to defend the allegation of her nonpayment. *Id*.

[¶8] We therefore conclude that the debtor is a necessary party to this foreclosure action. Because the debtor was not named as a party in this matter, we vacate the judgment and remand with instructions to dismiss the matter without prejudice.

The entry is:

> Judgment vacated. Remanded with instructions
> to dismiss the matter without prejudice.

Robert L. Guillory, Esq., Saco, for appellant Shelley Alley

James L. Audiffred, Esq., Saco, for appellee MTGLQ Investors, L.P.

Springvale District Court docket number RE-2013-221
FOR CLERK REFERENCE ONLY